Opinion filed November 1, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed November 1,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00290-CR

                                                     __________

 

                                   VIRGIL
LEE HANSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                            On Appeal
from the 350th  District Court

 

                                                            Taylor
County, Texas

 

                                                     Trial
Court Cause No. 6651-D

 



 

                                                                   O
P I N I O N      

Virgil
Lee Hanson appeals his conviction by a jury of the offense of indecency with a
child.  The jury assessed his punishment at ten years in the Texas Department
of Criminal Justice, Institutional Division, and a fine of $10,000.  The jury
determined that Hanson should be placed on community supervision with respect
to his ten-year sentence but not as to the $10,000 fine.  He contends in five
points that the evidence is legally and factually insufficient to support his
conviction and that the trial court abused its discretion in including a
defensive charge when there was no issue concerning the defense.  We affirm.








Hanson
contends in points two, three, four, and five that the evidence is legally and
factually insufficient to support his conviction.  In order to determine if the
evidence is legally sufficient, the appellate court reviews all of the evidence
in the light most favorable to the verdict and determines whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979).  To determine if the evidence is factually sufficient, the appellate
court reviews all of the evidence in a neutral light. Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996). Then, the reviewing court determines whether the
evidence supporting the verdict is so weak that the verdict is clearly wrong
and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. Watson, 204 S.W.3d at 414-15;
Johnson, 23 S.W.3d at 10-11.

K.L.C.,
the complainant, testified that in October 2002, when she was sixteen years of 
age, she moved in with Hanson and his family.  She indicated that, after she
had been in the home for two to three weeks, Hanson began coming into the room
where she was sleeping early in the morning and rubbing lotion on her body. 
She said he would unsnap her bra, have her turn over, and rub her breasts.  She
insisted that this occurred more than eight times.  She related that Hanson=s daughter would be asleep
three feet away on another twin bed on the occasions when this occurred.  She
stated that it also occurred in the den with the door closed.

According
to Detective Thomas Valdez, an investigator with the Crimes Against Children
Unit of the Abilene Police Department, Hanson admitted to him that he rubbed
K.L.C.=s back with
lotion at the time and in the manner she described, including unhooking her bra
but that he denied rubbing her breasts.

Hanson
called K.L.C.=s aunt,
Deborah Hughes, who testified that K.L.C. had a bad reputation with respect to
telling the truth or not telling the truth.  She also indicated that K.L.C. was
able to cry at will and that she would do it to manipulate people.








Lisa
Hughes, K.L.C.=s
cousin and Deborah=s
daughter, testified that K.L.C.=s
reputation for being a truthful person was bad.  She said that K.L.C. never
warned her that bad things were happening at the Hanson residence and she
should not go there.   She acknowledged that, even if K.L.C. had told her that
Hanson rubbed her back with lotion and unhooked her bra (the things Hanson
admitted to police that he did), she would have thought K.L.C. was lying.   She
admitted that K.L.C. never told her about the things that Hanson admitted
doing.

Britny
Douglas testified that she had been a close friend of K.L.C. until they became
estranged when Aa guy
got in between [their] relationship.@ 
She said she was familiar with K.L.C.=s
reputation for lying.  She acknowledged that a friend of her grandmother=s had in the past unsnapped
her own bra and rubbed lotion on her back and that it was inappropriate.  She
said it made her feel violated.  She indicated that she waited seven years
before telling anyone.  She insisted, however, that it would be okay for Hanson
to have unhooked K.L.C.=s
bra and rubbed lotion on her back if he did it at K.L.C.=s request.  

            Stacey
Ruth Parker, Britny=s
mother, testified that K.L.C.=s
reputation for truthfulness was bad.  She acknowledged that it is inappropriate
for an unrelated adult male to go under a sixteen-year-old girl=s shirt, unhook her bra,
and rub lotion on her back.  She indicated, however, that it would be okay if
the girl requested it.

We
hold that the evidence is legally and factually sufficient to support the
conviction.  As we understand Hanson=s
argument, he contends that the evidence is insufficient because he denied
K.L.C.=s allegations that
he touched her breasts, because there was no evidence that he touched her on
the breasts with the intent to arouse his sexual desire, and because A[t]he circumstances of the
events occurring in the home, the bedroom of the Appellant=s daughter, and the
testimony of K.L.C. concerning when her desire to leave the home of Appellant
first originated and the circumstances surrounding her leaving the home of
Appellant support Appellant=s
plea of not guilty.@  









K.L.C.=s testimony alone is
sufficient to show Hanson committed the offense.  See Tex. Code Crim.
Proc. Ann. art. 38.07 (Vernon 2005).  Her credibility was for the jury
to determine.  See Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App.
1991).  The intent to arouse or gratify the sexual desire of any person can be
inferred from the defendant=s
conduct, remarks, and all surrounding circumstances.  McKenzie v. State,
617 S.W.2d 211, 216 (Tex. Crim. App. 1981).  Hanson=s intent to gratify his sexual desire can then
reasonably be inferred from his unhooking K.L.C.=s
bra and rubbing lotion on her breasts and his comment that he wished that he
were twenty years younger.  The jury, as the finder of fact, was the sole judge
of the weight and credibility of the witnesses=
testimony.  Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  We
overrule points two, three, four, and five. 

Hanson
urges in point one that the trial court erred by instructing the jury regarding
an affirmative defense available to those who are not more than three years
older than the victim because the defense was inapplicable in that he is much
older than the victim.  Hanson made no objection to this portion of the
charge.  In order to prevail where error is not preserved, Hanson must show
egregious harm.  Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985).  Errors that are egregious affect the very basis of the case and deprive
the defendant of a valuable right, vitally affect a defensive theory, or make
the case for punishment more oppressive.  Batiste v. State, 73 S.W.3d
402, 407 (Tex. App.CDallas
2002,  no pet.).  We agree with the State that the mentioning of an
inapplicable affirmative defense did not arise to the level of egregious harm. 
It did not affect the very basis of the case, it did not vitally affect a
defensive theory, it did not deprive Hanson of any valuable right, and it did
not make the case for punishment significantly more oppressive.  

Hanson
contends that the inclusion of the charge was very likely to have confounded,
confused, and disturbed the members of the jury panel, as well as exciting
their passions.  At worst, the charge merely informed the jury that there was
an affirmative defense under the law that was clearly not related to this
case.  Because the inapplicability of the charge was obvious, we do not see how
it would have confounded, confused, or disturbed the members of the jury or
excited their passions sufficiently to rise to the level of egregious harm.  We
overrule point one. 

The
judgment is affirmed. 

 

 

PER CURIAM

 

November 1, 2007

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill, J.[1]










[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.